**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RUDOLPH KIDD JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00520-JAR |
| | ) | |
| LGC HOSPITALITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Rudolph Kidd Jr., a self-represented litigant, brings this action against LGC Hospitality for alleged employment discrimination under Title VII of the Civil Rights Act of 1964. Doc. 1. Kidd alleges that LGC harassed him, reduced his pay rate, and terminated his employment on the basis of his race, national origin, color, and age. *Id.* at 4–5.

Having reviewed Kidd's motion to proceed *in forma pauperis*, doc. 2, the Court finds that he is unable to pay the costs associated with this action and grants the motion. Nevertheless, for the reasons set forth below, the Court dismisses this case under 28 U.S.C. § 1915(e)(2)(B) and denies his motion for appointment of counsel, doc. 3, as moot.

**I.      Background**

Kidd alleges that LGC, his former employer, harassed him and reduced his hourly pay rate from $19 to $17. Doc. 1 at 4–5. He states that the Internal Revenue Service later contacted him as a result. *Id.* at 5. Kidd further alleges that LGC terminated his employment, placing him on unemployment for nearly a year despite work being available. *Id.* He attributes LGC's actions to his race, national origin, color, and age. *Id.*

Kidd indicates that he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right-to-sue letter. *Id.* at 3. He does not attach a copy of either document. As relief, he seeks compensation for lost wages and emotional distress. *Id.* at 7.

## II.   Standard

Because Kidd proceeds *in forma pauperis*, the Court reviews his complaint under 28 U.S.C. § 1915(e)(2). That statute requires the Court to dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.    Discussion

### A.    Age discrimination

Kidd alleges that LGC discriminated against him on the basis of his age. Doc. 1 at 5. Title VII prohibits discrimination based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e–2(a). It does not prohibit discrimination based on age. Claims of age discrimination arise under the Age Discrimination in Employment Act (ADEA), not Title VII. The ADEA protects only individuals who are forty years of age or older. 29 U.S.C. § 631(a). Because Kidd brings this action solely under Title VII, his age-discrimination claim fails as a matter of law.

Even if Kidd had alleged a violation of the ADEA, his complaint would still fail for two independent reasons. First, the ADEA protects only individuals forty years of age or older, 29

3

U.S.C. § 631(a), and Kidd's complaint contains no allegation of his age. Second, the complaint contains no factual allegations connecting any adverse employment action to his age. While the Court must liberally construe Kidd's complaint at this stage, *see Erickson*, 551 U.S. at 94, it will not "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone*, 364 F.3d at 914–15. For these reasons, Kidd's complaint fails to state a plausible age-discrimination claim. *See Iqbal*, 556 U.S. at 678.

### B.    Race, color, and national origin discrimination

Kidd also alleges that LGC harassed him, reduced his pay rate from $19 to $17 per hour, and terminated his employment on the basis of his race, national origin, and color. Doc. 1 at 4–5. But he makes no factual allegations connecting any adverse employment action to these protected characteristics. Instead, he offers only a conclusory allegation that LGC discriminated against him on those grounds. *Id*. at 5.

Such threadbare recitals do not suffice. *Iqbal*, 556 U.S. at 678. The Court cannot reasonably infer discriminatory intent from the mere fact that Kidd belongs to a protected class and suffered an adverse employment action. *See id*. Without factual content linking LGC's conduct to Kidd's protected characteristics, the complaint fails to state a plausible Title VII claim. *Id*.

### IV.    Conclusion

For these reasons, the Court dismisses Kidd's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Kidd's motion to proceed *in forma pauperis*, doc. 2, is **GRANTED**.

4

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Kidd's motion for appointment of counsel, doc. 3, is **DENIED** as moot.

A separate order of dismissal accompanies this Memorandum and Order.

Dated this 2nd day of March, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE